UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEO P. MOTTE, III**        :  | **CIVIL ACTION NO. 13-2398** |
| DOC #1910822 | **SECTION P** |
| **VERSUS**        : | **JUDGE MINALDI** |
| **CALCASIEU PARISH** | |
| **SHERIFF'S OFFICE, ET AL**        : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Leo P. Motte on July 31, 2013. Plaintiff is an inmate in the custody of the Texas Department of Criminal Justice, and he is incarcerated in Palestine, Texas. However, at the time of filing, plaintiff was in the custody of the Louisiana Department of Corrections ("LDOC"), and he was housed at Calcasieu Correctional Center ("CCC") in Lake Charles, Calcasieu Parish, Louisiana. He complains of events that occurred at that CCC. Named defendants in this matter are: (1) Tracie Hebert, the nurse practitioner at CCC; (2) Commander Gregory Tete, the Prisons Warden of the Calcasieu Parish Sheriff's Office; and (3) Calcasieu Parish Sheriff Tony Mancuso.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons,

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

Plaintiff states that the defendants delayed his medical care in violation of his civil rights. Doc. 1. Plaintiff alleges that when he was booked into CCC on February 10, 2013 he informed

the intake officer that he had HIV. He states that it was not his first CCC detention and that CCC already had his medical history.

Plaintiff complains that, despite defendants' having his medical information, he still had to write sick calls and was not seen by nurse practitioner Tracie Hebert until April 16, 2013. In a Step II response to plaintiff's grievance regarding the delay, defendant Tete noted that plaintiff did not put in a sick call slip until April 16, 2013. Doc. 1, att. 1, p. 3. Thereafter, he was referred to the chronic care clinic and was seen remotely via a "telemed system" on July 1, 2013. The doctor allegedly ordered blood work, the results of which plaintiff claims showed that his HIV had worsened to AIDS. *Id.* He was then seen by a doctor and was put back on medication. He claims that blood work taken three weeks later revealed that his condition had improved as he went back to HIV status. *Id.*

Plaintiff seeks monetary damages he allegedly sustained, including $320,000 for his delayed medical care, $1.5 million for pain and suffering, and $650,000 for emotional distress.

## II. LAW AND ANALYSIS

### A. *Screening*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a

complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

    B.  **42 U.S.C. § 1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985). If no constitutional violation has been alleged, there is no cognizable claim under § 1983. *Id.* If the plaintiff is successful in showing a constitutional violation, the plaintiff must then show that the conduct complained of was committed by a person acting under color of state law, *i.e.* that the defendant was a state actor. *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances. Further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated herein, that the complaint fails to state a claim upon which relief may be granted and is frivolous as a matter of law. Therefore, the complaint should be dismissed with prejudice.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official

subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir.1996). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Deliberate indifference is found only when the facts demonstrate wanton action on the part of prison officials that can be characterized as "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06. A plaintiff must allege that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that demonstrated wanton disregard for a serious medical need. *Domino*, 239 F.3d at 755 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993).

The appropriate test balances the needs of the prisoner against the needs of the penal institution, and as such, the critical focus looks to medical necessity, not desirability. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). A plaintiff's disagreement with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See e.g.*, *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). An allegation that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992). Continuing pain is unpleasant, but it does not automatically demonstrate the occurrence of a constitutional violation. *Id.*

Plaintiff has failed to present non-conclusory allegations of a subjective intent to cause harm by any of the defendants. Plaintiff admits that he received medical care. His dissatisfaction with the timing of his appointment does not render this a constitutional claim. Even if he could prove that the delay in his medical treatment resulted in inadequate medical care, he still does not present any factual allegations that the defendants subjectively intended to cause him harm. The facts of this matter clearly do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs. Accordingly, the evidence before the court does not state a claim for a constitutional violation.

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United*

-6-

*Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE